Per curiam.
It is expressly charged in the bill, that at the sale made by the trustee, he sold, and the appellant purchased, the life estate only of the female appel *444 lee ; and the appellant, by failing to answer and permitting the bill to be taken for confessed, has admitted the truth of these allegations: such admission dispenses with the enquiry, whether it would have been competent to introduce parol evidence to prove a mistake made in the deed of the trustee, conveying the whole estate, instead of an estate for the life of mrs. Mullen. It was not premature in the .appellees to apply to a court of equity to correct this mistake, and to procure a reconveyance from the appellant of all interest vested in him by the deed from the trustee beyond the life estate. But after the lapse of time which has intervened between the sale and the institution of this suit, during which period the appellant has held possession, and made valuable improvements, without any objection or complaint on the part of the appellees that the trustee had proceeded irregularly or transcended his authority, it is now too late to disturb the sale, on account of any such supposed irregularity or want of authority; and the court should have done no more than correct the mistake by directing a reconveyance from the appellant to mrs. Mullen, of all interest vested in him by the deed from the trustee beyond her life estate. Therefore, the decree is erroneous, and is reversed with costs.
And this court proceeding to pronounce such decree as the circuit superior court ought to have pronounced, it is decreed and ordered, that the appellant do, by a proper conveyance duly executed and acknowledged, release and convey to mrs. Mullen all interest in the house and lot in the proceedings mentioned, vested in him by the deed of the trustee, beyond the life estate of mrs. Mullen, and also that -the said appellant do pay unto the appellees their costs by them about their suit in the circuit superior court expended.